

RELEASED FOR PUBLICATION

DOCKET NO. 1598

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2004

FILED
CLERK'S OFFICE

04 MC 1598

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE EPHEDRA PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,\* D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of fifteen actions: three actions each in the Northern and Eastern Districts of Texas, two actions in the Southern District of Texas, and one action each in the Southern District of California, the Middle District of Georgia, the Eastern District of Kentucky, the District of Massachusetts, the Southern District of Ohio, the Western District of Pennsylvania, and the Western District of Texas.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by plaintiffs in twelve of the fifteen actions now before the Panel to centralize these actions for coordinated or consolidated pretrial proceedings in the Southern District of Ohio. Most responding plaintiffs or interested party plaintiffs agree that centralization is appropriate, but differ on the most appropriate choice of transferee district.[2] All responding defendants or interested party defendants oppose centralization;[3] Nutraquest and the Twinlab defendants also specifically oppose inclusion of any personal injury or wrongful death actions

---

\* Judges Selya and Motz did not participate in the decision of this matter.

[1] The Panel has been notified that an additional action included on the Section 1407 motion, *Sherry Cox, etc. v. Metabolife International, Inc.*, S.D. Ohio, C.A. No. 1:01-643, was dismissed with prejudice on January 27, 2004. Accordingly, the question of Section 1407 centralization with respect to this action is moot.

The Panel has also been notified by various parties that approximately 200 potentially related actions have already been filed in federal districts throughout the United States. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in some potentially related actions oppose inclusion of their actions in MDL-1598 proceedings, because of the allegedly advanced stage of proceedings in their respective actions.

[3] Metabolife International, Inc.; The Chemins Company, Inc.; Vitaquest International, Inc.; NVE, Inc.; Cytodyne International, LLC; Cytodyne, LLC; Cytodyne I, LLC; Phoenix Laboratories, Inc.; General Nutrition Companies; Nutraquest, Inc. (Nutraquest) (formerly known as Cytodyne Technologies, Inc.); RS OLDCO, Inc. (formerly known as Rexall Sundown, Inc.); RL OLDCO, Inc. (formerly known as Richardson Labs, Inc.); Herbalife International; Natural Balance, Inc.; MuscleTech Research & Development, Inc.; Nutramerica Corporation; Trim Spa Corporation; Goen Technologies Corporation; Weight Loss Labs, Inc.; Goen Group; Alexander Szynalski; Albert M. Fleischner; Nittany Pharmaceuticals; and Twinlab Corporation, Twin Laboratories Inc. and Twin Laboratories (UK) Ltd. (collectively referred to as the Twinlab defendants).

against them in MDL-1598 proceedings in light of the fact that these actions have been ordered transferred under 28 U.S.C. § 157(b)(5) from the federal districts in which these actions or related actions are pending to the District of New Jersey and the Southern District of New York, respectively. Other transferee districts suggested by plaintiffs or, in the alternative, by defendants include the Northern District of Alabama, the Southern District of California, the Northern District of Illinois, the District of Minnesota, the Southern District of New York, the Eastern District of Pennsylvania and the Southern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each defendant should produce a different result in order to avoid an unwieldy situation. We are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1598 transferee court can employ various pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

In light of the January 22, 2004 order transferring under Section 157 personal injury/wrongful death actions brought against Nutraquest to the District of New Jersey, coupled with the entire circumstances presently before us, inclusion of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, in MDL-1598 proceedings is not appropriate at this time. We note that all of the New Jersey Nutraquest actions are currently stayed and Judge Garrett E. Brown is in the process of establishing a procedure for the efficient management of these actions.

Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this nationwide litigation, the Panel has decided to entrust this litigation to Judge Jed S. Rakoff in the Southern District of New York who is already presiding over the Twinlab personal injury/wrongful death actions in connection with the Twinlab defendants' bankruptcy proceedings. We note that Judge Rakoff is in the process of establishing procedures for the conduct of the more than 60 actions brought against the Twinlab defendants. Thus, he is in the best position to coordinate MDL-1598 pretrial proceedings with the New York Twinlab actions, and – if appropriate – to informally coordinate

- 3 -

the MDL-1598 actions and the New York Twinlab actions with the New Jersey Nutraquest actions pending before Judge Brown in order to achieve the goals of economy and efficiency which are hallmarks of both Sections 1407 and 157.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1598 -- In re Ephedra Products Liability Litigation

    Southern District of California

*Joanne Marlow, et al. v. Metabolife International, Inc.*, C.A. No. 3:01-2306

    Middle District of Georgia

*Margo A. Durrance, etc. v. Royal Numico, N.V., et al.*, C.A. No. 6:03-29

    Eastern District of Kentucky

*Stephanie Turner, etc. v. Rexall Sundown, Inc.*, C.A. No. 2:01-197

    District of Massachusetts

*George W. Winsor, etc. v. Metabolife International, Inc., et al.*, C.A. No. 1:02-10387

    Western District of Pennsylvania

*Shelli Schlafhauser, et al. v. Metabolife International, Inc., et al.*, C.A. No. 2:02-1450

    Eastern District of Texas

*Sandra G. Sinegal v. Metabolife International, Inc., et al.*, C.A. No. 1:03-92
*Mario Ochoa v. Metabolife International, Inc., et al.*, C.A. No. 4:03-371
*Bobbie J. Barnett v. Metabolife International, Inc., et al.*, C.A. No. 6:03-227

    Northern District of Texas

*Robert Donald Terrell v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1013
*Gary Townsend v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1353
*Teresa Villareal v. Metabolife International, Inc., et al.*, C.A. No. 4:03-606

    Southern District of Texas

*Ruth J. English v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5387
*Sandra Lee Parker v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5419

    Western District of Texas

*Douglas Risley v. Metabolife International, Inc., et al.*, C.A. No. 3:03-395