UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

........................................................x
IN RE EPHEDRA PRODUCTS
LIABILITY LITIGATION

........................................................x
IN RE TWINLABS PERSONAL INJURY
CASES,
........................................................x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-27-04
```

04 M.D. 1598 (JSR)

**STIPULATION AND ORDER DIRECTING TRANSFER OF ADDITIONAL CASES**

Consistent with the transfer of approximately 65 cases to this Court naming TL Administration Corp. (f/k/a Twinlab Corporation) or Twin Laboratories Inc. (f/k/a Twin Laboratories Inc.) (collectively "TL") as defendants pursuant to 28 U.S.C. §157(b)(5), the parties in the following cases stipulate and agree to the transfer in accordance with that provision and 28 U.S.C. §1334(b):

1. *Sean Bigley v. General Nutrition Corporation, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 004763; and

2. *Kenneth Loewen, et al. v. General Nutrition Corporation, et al.*, United States District Court, Eastern District of Michigan, Case No. 03-10219-BC.

In accordance with the Court's Local Rules, counsel for the parties in the above cases contacted the Court in order to advise of their agreement and stipulation for transfer of the above cases to the coordinated TL Proceedings even though the TL entities are not and were not named as defendants in either of the above cases. The Court directed the parties to provide a Stipulation and Order that outlined the relationship between TL and General Nutrition Corporation ("GNC") so as to establish "related to" jurisdiction under 28 U.S.C. §1334(b).

### *Kenneth Loewen, et al. v. General Nutrition Corporation, et al.*

Shortly after TL filed for bankruptcy, Plaintiffs, Kenneth and Patricia Loewen, brought suit against GNC and General Nutrition Distribution, L.P. The complaint alleges that Mr. Loewen suffered a stroke on September 18, 2000, as a result of ingestion of Ripped Fuel, a product previously manufactured by TL. The complaint alleges that Mr. Loewen purchased Ripped Fuel from a GNC store in Houghton Lake, Michigan. Even though plaintiffs did not name TL as a defendant, TL is identified under the section entitled "Parties" as the manufacturer of Ripped Fuel. The complaint specifically states: "[TL] would have been named as a defendant in this case except for the fact that it recently filed for bankruptcy . . . ." The complaint contains specific allegations directed at TL and GNC jointly in relation to marketing, representations, and product liability. The injuries alleged by plaintiffs stem from Mr. Loewen's ingestion of Ripped Fuel, a product manufactured by TL. Further, as specifically stated by plaintiff in the complaint, the TL entities would have been named as defendants if not for the bankruptcy. Despite the bankruptcy, GNC will seek indemnity from TL in relation to the claims asserted against GNC. Plaintiffs and GNC have asserted proofs of claim against TL in the bankruptcy proceedings. In addition, this case is part of the adversary proceeding brought by TL in the bankruptcy court relative to cases involving claims against TL's retailers. A preliminary injunction was entered by the bankruptcy court and will remain in effect until April 30, 2004.

### *Bigley v. General Nutrition Corporation, et al.*

Plaintiff, Sean Bigley, filed a complaint on February 26, 2004, in the Court of Common Pleas of Philadelphia County, Pennsylvania, against GNC, General Nutrition Distribution, L.P., and GNC/General Nutrition Center. The complaint alleges that plaintiff ingested Ripped Fuel, a product previously manufactured by TL. Plaintiff alleges that he purchased Ripped Fuel from a

2

GNC store located at Centre Pointe Place Shopping Center in Warminster, Pennsylvania. Even though plaintiff did not name TL as a defendant, TL is identified in the complaint under the section entitled "Parties" as the manufacturer of Ripped Fuel. The complaint specifically states: "[TL] would have been named as a defendant in this case except for the fact that it recently filed for bankruptcy...." Plaintiff alleges that he suffered recurrent panic/anxiety attacks with psychotic reactions and accelerated heart rates as a result of his ingestion of Ripped Fuel. The complaint contains specific allegations directed at TL and GNC jointly in relation to marketing, representations, and product liability. The injuries alleged by plaintiff stem from his ingestion of Ripped Fuel, a product manufactured by TL. Further, as specifically stated by plaintiff in the complaint, the TL entities would have been named as defendants if not for the bankruptcy. Despite the bankruptcy, GNC will seek indemnity from TL in relation to the claims asserted against GNC. Both Mr. Bigley and GNC have asserted proofs of claim against TL in the bankruptcy proceedings.

### *Related to Jurisdiction*

In these proceedings, the Court previously ruled that related to jurisdiction existed in a case involving a claim asserted against GNC where TL had been dismissed without prejudice after plaintiff learned that TL had filed for bankruptcy (*Donald Acuff v. Twin Laboratories, Inc., et al.*). In that case, the Court recognized that an "action against the retailers will have more than a 'conceivable effect' on the bankrupt estate of the Debtors" and ruled it had related to jurisdiction over the claims against GNC.

Based upon the foregoing and the stipulation and agreement of the parties in each of the above cases, it is hereby ORDERED that the following cases are transferred to this Court pursuant to 428 U.S.C. §1334(b):

3

1. *Sean Bigley v. General Nutrition Corporation, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 004763; and

2. *Kenneth Loewen, et al. v. General Nutrition Corporation, et al.*, United States District Court, Eastern District of Michigan, Case No. 03-10219-BC.

Counsel for Debtors is directed to arrange the expeditious transfer of those cases to this Court.

SO ORDERED this 26th day of April, 2004.

_____
Judge Jed S. Rakoff
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

4

HAVE SEEN AND AGREE TO:

*[signature]* Per authority

Jack Meyerson
Debora A. O'Neill
LAW OFFICES OF JACK MEYERSON
1700 Market Street, Suite 2632
Philadelphia, Pennsylvania 19103
(215) 972-1376
fax (215) 972-0277
Attorneys for Plaintiffs, Sean Bigley,
Kenneth Loewen, and Patricia Loewen

and

*[signature]*

Joseph P. Thomas
Denise M. Smith
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5000
fax (513) 698-5001
jthomas@ulmer.com
dsmith@ulmer.com

Rex A. Littrell
ULMER & BERNE LLP
88 East Broad Street, Suite 1600
Columbus, Ohio 43215
(614) 229-0000
fax (614) 229-0001
rlittrell@ulmer.com

263775.1