UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
In re: EPHEDRA PRODUCTS LIABILITY         :      04 M.D. 1598 (JSR)
LITIGATION                                :
                                          :
------------------------------------------X
PERTAINS TO ALL CASES

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-9-04

### STATUS ORDER (INCLUDING CASE MANAGEMENT ORDER NO.4)

JED S. RAKOFF, U.S.D.J.

At the monthly status conference held on July 1, 2004, the Court made the following rulings, which are hereby confirmed (and in some instances elaborated) as follows:

1. At the request of the Plaintiffs' Coordinating Counsel and with acquiescence of the Defendants' Coordinating Counsel, the next status conference has been moved to Friday, September 10, 2004 at 5 p.m.

2. The parties having presented, as provided in Case Management Order No. 1 § VII.A(2), their respective positions regarding the stay of proceedings for the 2002-2004 Cases and the Converted Cases, the stay is extended only until the September status conference (now firmly scheduled for September 10), whereupon it will terminate unless very good cause is shown at the September conference why the stay should be extended. Notwithstanding the stay, however, counsel for each of the defendants in the Converted Cases is required, within 20 days after

1

entry of this Case Management Order No. 4, to serve and file a notice of appearance and to serve upon plaintiffs' liaison counsel (a) copies of any insurance agreement described in Rule 26(a)(1)(D) Fed. R. Civ. P., and (b) a written summary of the defendant's insurance coverage for ephedra claims as the defendant has analyzed such coverage for its own purposes.  Failure to comply shall have the same effect as failure to answer a summons and complaint within the time prescribed by Rule 12 Fed. R. Civ. P.  In the case of any defendant not yet registered on ECF for 04 M.D. 1598, the Plaintiffs' Coordinating Counsel shall serve upon such defendant a copy of this ¶ 2.  In the case of all other defendants, the Defendants' Coordinating Counsel shall call this ¶ 2 to their attention.

3. With respect to all pending and future motions to dismiss fraud claims for failure to plead with particularity as required by Rule 9(b) Fed. R. Civ. P., the Court hereby adopts the following global procedures: Within 10 business days after entry of this order (for such motions now pending) or within 10 business days after the filing of any subsequent such motion, the applicable plaintiff(s), in lieu of or in addition to opposition papers, may serve and file a new complaint amending the disputed cause(s) of action.  After the 10-day period, all claims of fraud and negligent or innocent misrepresentation shall be dismissed _with prejudice_ unless the applicable complaint pleads with particularity:

(a) the *words* of each statement alleged to be a misrepresentation, quoting them verbatim or summarizing them to the best of the plaintiff's recollection;

(b) the *source* of each such statement, identifying any writing with particularity (*e.g.*, by attaching it to the new complaint) or, in the case of an oral misrepresentation, identifying the declarant and the time and place of the oral statement to the best of the plaintiff's recollection;

(c)  in the case of affirmative fraud, why the statement was fraudulent, and in the case of fraudulent omission, the substance of the omission and why the defendant had a duty to disclose the omission; and

(d)  facts  showing  the  particular plaintiff's *detrimental reliance* on the misrepresentation and the *causal link* between the  misrepresentation  and  the  particular plaintiff's injury.

After a plaintiff has filed the new complaint, the moving party on the pending Rule 9(b) motion applicable thereto may send the Special Master an e-mail attaching it and arguing that it still

does not comply with Rule 9(b) as elaborated above.  The Special Master shall then make a ruling either denying the motion or scheduling further briefing and oral argument before the Court at a specified status conference.

4. The motions made by TL on the pleadings to dismiss all claims of personal injury under the statute of limitations in two cases -- *Pierce v. Twin Laboratories Inc.* et al., No. 03 Civ. 9260, and *Smith v. Twin Laboratories Inc.* et al., No. 03 Civ. 9282 -- are denied without prejudice to TL's moving for summary judgment after expedited depositions of the respective plaintiffs in these two cases.  Unless otherwise agreed by the parties in writing, the deposition of each such plaintiff shall take place in California no later than July 23, 2004, shall last no more than three hours, and shall be limited to matters relevant to the timeliness of plaintiffs' claims for personal injury.

5. With respect to the motion of Changes International, Inc. to dismiss all claims against it in *Thompson* et al. *v. Changes International Inc.* et al., No. 04 Civ. 1353, on grounds of improper service of process, the Court agrees that service was deficient. Nevertheless, Rule 4(m), Fed. R. Civ. P., provides that the Court "shall" extend the time for service for an appropriate period "if the plaintiff shows good cause for the failure." The motion papers show good cause for plaintiffs' failure to untangle the changing names and addresses of Changes International and its affiliates.

4

Accordingly, plaintiffs' time to serve Changes International or any applicable affiliate(s) is extended for 30 days from entry of this order, and plaintiffs within that time are granted leave to file a new complaint adding any appropriate party defendant.

6. With respect to the motion of Traditional Medicinals, Inc. for suggestion of remand in the case of *Nida Moss, Individual and as Administrator of the Estate of Richard Moss, Deceased v. Traditional Medicinals*, No. 04 Civ. 1353, the movant focuses most of its argument on the fact that its product (an herbal tea) contains considerably less ephedra than the other products involved in the MDL litigation, see transcript, 7/1/04, at 52, and that this is the only ephedra case ever brought against this manufacturer. After careful review, however, the Court concludes that, notwithstanding these differences, the central issues of causation and warning will be the subject of essentially the same pre-trial proof and proceedings in the *Traditional Medicinals* case as in the other MDL cases. Accordingly, defendant's motion for suggestion of remand is hereby denied.

7. Oral argument in TL's motion to dismiss *Summy v. General Nutrition Corporation* et al., No. 04 Civ. 3106, is adjourned, on consent, to the September status conference.

8. Defendants' motion to dismiss the fraud claims in *Durrance v. Royal Numico N.V.* et al., No. 04 Civ. 2888, is granted on consent.

5

9. TL's motions for leave to serve third-party complaints are granted as unopposed in *Kirk v. Twin Laboratories, Inc.*, No. 03 Civ. 9269, and *Wachovia Bank v. Twin Laboratories, Inc.*, No. 04 Civ. 1277.  TL's motion for leave to file a third-party complaint in *Levine v. Twin Laboratories, Inc.*, No. 03 Civ. 9268, is adjourned to the September status conference.

10. With respect to the inquiry of two law firms as to whether there is some special procedure for commencing new ephedra actions directly in this Court to avoid delays relating to transfer by the Judicial Panel on Multidistrict Litigation, the answer is that there is no such special procedure; in commencing cases subject to transfer here under 28 U.S.C. § 1407, the ordinary requirements of personal jurisdiction and venue must be satisfied.  However, if jurisdiction and venue lie in the Southern District of New York, plaintiffs may commence the action here and designate it as a case related to 04 M.D. 1598, whereupon it will be promptly consolidated with MDL 1598 without needing to be referred to the Judicial Panel.

11. In accordance with § 11.211 of the Manual of Complex Litigation (4th Ed.), which recommends that the Court and parties attempt to identify and resolve disputed issues of law early in the case management process, counsel are invited to make oral presentations at the September status conference about whether the Restatement (Third) of Torts can provide a uniform substantive law for all claims of personal injury in these cases, and whether U.C.C

§ 2-725 can provide a uniform statute of limitations for all claims against retailers.  No decision regarding choice of law will be made at the September conference; at most, the Court will schedule formal motions to be decided after briefing and oral argument.

12. Regarding motions that were pending in the transferor courts prior to transfer, those that were not fully briefed are deemed withdrawn without prejudice.  For motions that were ripe for decision at the time of transfer, any party to any such motion may, within 10 business days after entry of this order, request decision by submitting a full set of courtesy copies to Chambers and e-mailing a full set of motion papers to the Special Master. In the absence of a timely request for decision, fully briefed motions will be deemed withdrawn without prejudice.

13. TL having announced that it has reached a settlement agreement with the plaintiff in *Galway v. Twin Laboratories, Inc.*, No. 03 Civ. 9279, the Court refers any motion for approval of this settlement under Bankruptcy Rule 9019(a) to Judge Blackshear, with the understanding, however, that this will not necessarily occur in future such cases. Further, TL and the plaintiff are hereby directed to send the Special Master a confidential joint summary of the settlement terms, including their description and valuation of its components, for possible use at the direction of this Court in any future expedited procedure for liquidating uninsured claims.

SO ORDERED.

7

JED S. RAKOFF, U.S.D.J.

Dated:    New York, New York
          July 9, 2004