```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
In re: EPHEDRA PRODUCTS LIABILITY    :        04 MD 1598 (JSR)
LITIGATION.                          :
                                     :
------------------------------------ x
PERTAINS TO ALL CASES


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
In re: TL ADMINISTRATION CORPORATION,:        Chapter 11 Case No.
et al. (f/k/a TWINLAB CORPORATION, et:             03-15564
al.),                                :
                                     :        (Jointly Administered)
              Debtors.               :
                                     :
------------------------------------ x                ORDER
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-22-05

JED S. RAKOFF, U.S.D.J.

On September 4, 2003, debtors filed for Chapter 11 bankruptcy in this district, and subsequently all debtors' Chapter 11 cases were consolidated for procedural purposes before Judge Cornelius Blackshear, United States Bankruptcy Judge. Thereafter, however, because the bankruptcy proceedings closely overlapped with proceedings before this Court in related cases (now consolidated as In re: Ephedra Products Liability Litigation, 04 MD 1598, and referred to as the "MDL cases"), the bankruptcy reference was withdrawn in certain, specified respects. See, e.g., Opinion and Order dated November 3, 2003, M-47, at 1-2 n.1; Case Management Order No. 7 dated November 29, 2004, ¶ 7. Recently, the Court, having learned, regretfully, that Judge Blackshear is retiring from the bench at the end of this month, consulted with Judge Blackshear, with Judge Robert D. Drain, United States Bankruptcy Judge, to whom the

bankruptcy case has been reassigned effective upon Judge Blackshear's departure, with Chief Bankruptcy Judge Stuart M. Bernstein, and with counsel to the parties in the MDL cases, all of whom agreed that at this point it would make sense, in the interests of judicial efficiency, for this Court to withdraw the reference generally, except in limited respects.

Accordingly, the Court hereby withdraws the bankruptcy reference and assumes direct jurisdiction over all aspects of <u>In re: TL Administration Corporation, et al. (f/k/a Twinlab Corporation, et al.)</u>, 03-15564, Chapter 11, Bankr. S.D.N.Y., <u>except</u>:

    (1)    those matters relating to operations of the business or the debtor outside the ordinary course;

    (2)    those matters relating to executory contracts, including assumption and rejection of such contracts;

    (3)    those matters relating to financing, cash collateral, and adequate protection;

    (4)    those matters pertaining to professional retention and applications for allowance of compensation and reimbursement of expenses;

    (5)    all claim objections other than personal injury claims; <u>and</u>

    (6)    such referrals to Judge Drain as the Court may order in the future.

Additionally, the Court and Judge Drain shall jointly retain jurisdiction over, and jointly hear, the following matters:

  (1) all requests for an extension of the debtors' exclusive period to propose, and solicit votes on, a plan of reorganization; and

  (2) all hearings on the confirmation of a plan of reorganization.

Further, at least two business days prior to any hearing or conference in the bankruptcy case, whether before Judge Drain or the undersigned, debtors' counsel will provide both judges with a copy of the agenda for such hearing or conference and will file the agenda on the ECF systems of both the bankruptcy case and the MDL cases. Similarly, the Special Master in the MDL cases will supply Judge Drain with a copy of the agenda of each conference or hearing in the MDL cases and will file the agenda on the respective ECF systems of both the bankruptcy case and the MDL cases.

Finally, any matters previously scheduled to be heard by Judge Blackshear before his departure that he, in his discretion, believes can be both heard and decided before his departure will remain with him.

  SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
    March 22, 2005