UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                          :
                                               :       04 MD 1598 (JSR)
EPHEDRA PRODUCTS LIABILITY          :
LITIGATION.                                    :
                                               :
-------------------------------------------------------------x

PERTAINS TO ALL CASES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                          :
                                               :       Chapter 11 Case No.
TL ADMINISTRATION CORPORATION,     :
et al. (f/k/a TWINLAB CORPORATION, et al.), :     03-15564 (RDD)
                                               :
                                               :       (Jointly Administered)
                    Debtors.              :
-------------------------------------------------------------x

## DEBTORS' AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINT SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF MELISSA BARR'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Michael P. Kessler, Esq. (MK 7134)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
michael.kessler@weil.com

Rex A. Littrell (RL 1449)
ULMER & BERNE LLP
88 East Broad Street, Suite 1600
Columbus, Ohio 43215
Telephone: (614) 229-0000
Facsimile:  (614) 229-0012
rlittrell@ulmer.com

Attorneys for Debtors TL Administration
Corporation (f/k/a Twinlab Corporation)
and TL Administration Inc. (f/k/a Twin
Laboratories Inc.)

Richard G. Smolev (RS 2222)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8012
Facsimile: (212) 836-6583
rsmolev@kayescholer.com

Attorneys for the Official
Committee of Unsecured Creditors

# TABLE OF CONTENTS

**Page**

I.   Introduction ................................................................................................... 1

II.  Issues ............................................................................................................. 2

    1.   Whether the Discretion Exercised by Judge Bernstein in Woodward May
        Be Invoked on a Motion for Relief from the Automatic Stay, Where No
        Objection to the Claim has been Filed ................................................. 2

    2.   Whether Woodward Correctly States the Applicable Law or, if the Law is
        Unsettled, Whether Judge Rakoff Should Adopt Judge Bernstein's View
        of the Law ................................................................................................ 4

    3.   Whether the "Bankruptcy-Related Reasons" Invoked by Judge Bernstein
        Apply to the Characteristics of the Debtors' Chapter 11 Cases........................... 7

        A.   Neither the Purported Class Members Nor the Court Will Receive
            the Benefit that Class Actions Can Confer Outside the Bankruptcy
            Context .................................................................................... 8

        B.   Courts Are Reluctant to Allow Class Claims Where No Class Was
            Certified Prior to the Commencement Date ................................ 11

        C.   Class Members Received Notice of the Bankruptcy Case and the
            Bar Date .................................................................................... 12

        D.   Plaintiffs Failed to Timely Petition the Court to Apply Bankruptcy
            Rule 7023 as Required By Bankruptcy Rule 9014 and Failed to
            Comply with the Procedural Requirements of Rule 2019 ...................... 14

III. Conclusion ..................................................................................................... 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

In re Am. Reserve Corp., 840 F.2d 487, 488, 492, 494 (7th Cir. 1988) ..............................5, 9, 14

Bailey v. Jamesway Corp. (In re Jamesway Corp.), Case No. 95 B. 44821 (JLG),
1997 Bankr. LEXIS 825, at *19, *30 (Bankr. S.D.N.Y. June 11, 1997) ..................................7, 13

In re Baldwin-United Corp., 52 B.R. 146, 148 (Bankr. S.D. Ohio 1985) ....................................16

Birting Fisheries , Inc. v. Lane (In re Birting Fisheries, Inc.), 92 F.3d 939, 940
(9th Cir. 1996)..................................................................................................................................5

Certified Class in Charter Sec. Litig. v. Charter Co. (In re Charter Co.),
876 F.2d 866, 876 (11th Cir. 1989) ...........................................................................................5, 6

Dade County Sch. Dist. v. Johns-Manville Corp. (In re Johns-Manville Corp.),
53 B.R. 346 (Bankr. S.D.N.Y. 1985)..............................................................................................4

In re Elec. Theatre Rests. Corp., 57 B.R. 147 (Bankr. N.D. Ohio 1986) .....................................15

Iles v. LTV Aerospace & Defense Co. (In re Chateaugay Corp.), 104 B.R. 626
(S.D.N.Y. 1989), appeal dismissed, 930 F.2d 245 (2d Cir. 1991)....................................................4

In re Kaiser Group Int'l, Inc., 278 B.R. 58, 62 (Bankr. D. Del. 2002)............................................6

In re Mortgage & Realty Trust, 125 B.R. 575, 580 (Bankr. C.D. Cal. 1991)..................................8

Novak v. Callahan (In re GAC Corp.), 681 F.2d 1295, 1299 (11th Cir. 1982)............................16

Reid v. White Motor Corp., 886 F.2d 1462, 1470, 1471 (6th Cir. 1989) .............................5, 6, 16

In re Ret. Builders, Inc., 96 B.R. 390, 391 (Bankr. S.D. Fla. 1988) .........................................6, 11

In re Sacred Heart Hosp. of Norristown, 177 B.R. 16, 22, 23 (Bankr. E.D. Pa. 1995) ............6, 11

Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.), 817 F.2d 625, 632
(10th Cir. 1987), vacated and decided on other grounds, 839 F.2d 1383 (10th Cir. 1987).........4, 8

In re Thomson McKinnon Sec. Inc., 133 B.R. 39, 40, 41 (Bankr. S.D.N.Y. 1991), aff'd,
141 B.R. 31 (S.D.N.Y. 1992) ................................................................................... 5-7, 10, 15

In re Thomson McKinnon Sec. Inc., 150 B.R. 98, 100, 101 (Bankr. S.D.N.Y. 1992)..............7, 15

In re Trebol Motors Distrib. Corp. v. Bonilla (In re Trebol Motors Distrib. Corp.),
220 B.R. 500, 502 (B.A.P. 1st Cir. 1998) ...............................................................6, 11

In re United Cos. Fin. Corp., 277 B.R. 596, 601 (Bankr. D. Del. 2002) ........................................5

In re Woodward & Lothrop Holdings, Inc., 205 B.R. 365, 368, 369-371, 376, 377
(Bankr. S.D.N.Y. 1997) ........................................................................................................... passim

Zenith Labs. v. Sinay (In re Zenith Labs., Inc.), 104 B.R. 659, 664 (D.N.J. 1989) .................3, 15

**FEDERAL STATUTES**

11 U.S.C. § 502(c) ...................................................................................................................4, 12

# I.     INTRODUCTION

TL Administration Corporation (f/k/a Twinlab Corporation) ("Holdings"), TL Administration Inc. (f/k/a Twin Laboratories, Inc.) ("Laboratories"), TL Administration (UK) Ltd. (f/k/a Twin Laboratories (UK) Ltd.) ("TL UK" and collectively with Holdings and Laboratories, the "Debtors"), and the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Creditors Committee") submit this Joint Second Supplemental Brief in Opposition to Motion of Plaintiff Melissa Barr (the "Plaintiff") for Relief from Automatic Stay (the "Plaintiff's Motion"). This Joint Second Supplemental Brief is limited to and by the issues set forth in the email dated May 6, 2005 from Special Master Niss to interested parties. Specifically, the Court has requested that the parties brief three issues related to the bankruptcy court's discretion to apply Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") as set forth by Judge Bernstein in In re Woodward & Lothrop Holdings, Inc., 205 B.R. 365 (S.D.N.Y. 1997).

On February 27, 2004, the Plaintiff filed with the Bankruptcy Court a putative class claim for approximately $88 million (the "Barr Claim"). The factual background of the Putative Class Action (as defined below) is set forth in the Statement of Facts contained in the Debtors' Objection to Motion of Melissa Barr for Relief From the Automatic Stay, dated March 26, 2004 (the "Debtors' Objection") filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1] The Plaintiff's Motion seeks relief from the automatic stay to pursue in California state court Barr's request for class certification (the

---

[1] The Plaintiff's Motion, the Debtors' Objection, and other papers related to the Plaintiff's Motion, including the transcripts of two prior hearings before Judge Blackshear, were submitted to the Court by the Plaintiff on November 24, 2004.

"Putative Class Action")[2] against the Debtors.  The Barr Claim seeks refunds for purchases of

ephedra-based products at approximately $30 per bottle.  The Barr Claim and the other

Consumer Claims, which aggregate $353 million, are not based on actual injury, dwarf the

legitimate claims filed in these cases, and threaten the ability of the Debtors to timely and

efficiently confirm their liquidating chapter 11 plan and distribute their assets to bona fide

creditors.

## II.    ISSUES

1.    *Whether the discretion exercised by Judge Bernstein in Woodward may be
       invoked on a motion for relief from the automatic stay, where no objection to the
       claim has been filed.*

In Woodward, based on its analysis of the applicability of Rule 23 and other

bankruptcy-related considerations, the court denied the plaintiff's request for relief from the

automatic stay to pursue a class action.  The court held that (i) the plaintiff's claim should not be

permitted to proceed as a class claim and (ii) "there is no reason to grant relief from the

automatic stay to permit [the plaintiff] to pursue a class action in the federal district court since

there is no class action to pursue.  Those class members who did not file timely, individual

claims are now barred from collecting any money from the debtor, and any that did would have

presumably received a dividend."  In re Woodward 205 B.R. at 377.

Contemporaneously herewith, the Debtors and the Creditors Committee are filing

with the Court their Joint (I) Objection to Disallow Consumer Class Action Claims and, in the

Alternative, (II) Motion to Estimate Consumer Class Action Claims (the "Joint Objection").  As

the Debtors and the Creditors Committee have objected to the Barr Claim in the Joint Objection,

---

[2] The Putative Class Action is one of five prepetition consumer class action lawsuits relating to
the Debtors' advertising and labeling of ephedra-containing products initiated by various
plaintiffs against the Debtors (collectively, the "Consumer Cases").  The plaintiffs in each of the
Consumer Cases have filed putative class proofs of claim in the Debtors' chapter 11 cases
(collectively, the "Consumer Claims") based on the complaints in the Consumer Cases.

the issue of whether the discretion exercised in <u>Woodward</u> may be invoked where no objection has been filed is moot and there is no doubt that the Court may and should consider whether the Barr Claim should be disallowed as a class claim prior to, or as part of, consideration of the stay relief sought by the Plaintiff.

It would make no sense to allow the Putative Class Action to proceed in California before this Court determines whether to permit the Barr Claim to proceed as a class claim. Even if the California courts were to certify the class in the Putative Class Action, this Court would still be required to consider the bankruptcy-related reasons to disallow the Barr Claim as a class claim because class certification does not conclude a bankruptcy court's analysis of whether to allow class proofs of claim. <u>See, e.g.</u>, <u>In re Woodward</u>, 205 B.R. at 376 (finding "additional bankruptcy-related reasons" for the proof of claim at issue not to proceed as a class claim); <u>see also</u> <u>Zenith Labs. v. Sinay</u> (<u>In re Zenith Labs., Inc.</u>), 104 B.R. 659, 664 (D.N.J. 1989). The court in <u>Zenith</u> found that "there may be other factors in the bankruptcy proceeding that make class certification less compelling." <u>In re Zenith</u>, 104 B.R. at 664. Notably, in <u>Zenith</u>, prepetition, the district court had certified a class of plaintiffs in a shareholder class action against the debtors. <u>Id.</u> The district court in that case thus believed "[c]learly, there [were] compelling reasons for certifying the shareholder class." <u>Id.</u> Nonetheless, in affirming the bankruptcy court's denial of a motion for a modification of the automatic stay, the same court acknowledged that other factors in the bankruptcy proceeding may make a class certification inappropriate. <u>Id.</u>

Moreover, even if the Court were to allow the Barr Claim to proceed as a class claim in whole or in part, the Plaintiff's Motion should be denied because liquidation of the Barr Claim in the California state courts is not appropriate in the circumstances of these cases. As set

forth in the Joint Objection, section 502(c) of the Bankruptcy Code mandates that the Court

estimate the Barr Claim as it is a "contingent or unliquidated claim, the fixing or liquidation of

which, as the case may be, would unduly delay the administration of the case[s]."  11 U.S.C.

§ 502(c).  As alternative relief in the Joint Objection, and only if the Barr Claim is not disallowed

in its entirety, the Debtors and the Creditors Committee are requesting that the Court schedule an

expedited hearing to estimate the Barr Claim pursuant to section 502(c) of the Bankruptcy Code.

Thus, there are no circumstances under which the Putative Class Action should

proceed in the California state courts and no grounds for the Court to lift the automatic stay.

Providing relief from the automatic stay to permit litigation of the class certification in California

would be a waste of judicial resources and the limited resources of the Debtors' estates.

2.       *Whether Woodward correctly states the applicable law or, if the law is unsettled,
         whether Judge Rakoff should adopt Judge Bernstein's view of the law.*

The Debtors and the Creditors Committee believe that Woodward correctly states

the applicable law as discussed below.  However, to the extent it does not, the alternative view is

that class proofs of claim are unauthorized under the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  See Sheftelman v. Standard Metals Corp. (In

re Standard Metals Corp.), 817 F.2d 625 (10th Cir.1987) (disallowing the filing of a class proof

of claim as impermissible in the bankruptcy context), vacated and decided on other grounds, 839

F.2d 1383 (10th Cir. 1987); see also Dade County School Dist. v. Johns-Manville Corp. (In re

Johns-Manville Corp.), 53 B.R. 346 (Bankr. S.D.N.Y. 1985).

The Court in Woodward and other federal courts, including this Court in Iles v.

LTV Aerospace & Defense Co. (In re Chateaugay Corp.), 104 B.R. 626 (S.D.N.Y. 1989), appeal

dismissed, 930 F.2d 245 (2d Cir. 1991), have adopted the view that class proofs of claims may

be permitted, reasoning that Rule 23 and Bankruptcy Rule 7023 applies to such claims.[3] However, all of these courts also concluded that the application of Bankruptcy Rule 7023 to class proofs of claim is <u>not automatic</u>.[4]   "For a class action claim to proceed, (1) the bankruptcy court must direct Rule 23 to apply, (2) the claim must satisfy the requirements of Rule 23, and (3) the benefits that generally support class certification in civil litigation must be realizable in the bankruptcy case." <u>In re Woodward</u>, 205 B.R. at 369 (internal citations omitted).

Application of Bankruptcy Rule 7023 to class proofs of claim lies within the sound discretion of the court. <u>See</u>, <u>e.g.</u>, <u>In re Thomson McKinnon Sec. Inc.</u>, 133 B.R. 39, 40 (Bankr. S.D.N.Y. 1991) (Bankruptcy Rule 7023 and Rule 23 "give the court substantial discretion to consider the benefits and costs of class litigation") (citing <u>In re Am. Reserve Corp.</u>, 840 F.2d 487, 488 (7th Cir. 1988)), <u>aff'd</u>, 141 B.R. 31 (S.D.N.Y. 1992); <u>accord</u> <u>In re United Cos. Fin. Corp.</u>, 277 B.R. 596, 601 (Bankr. D. Del. 2002) ("Whether to certify a class claim is within

---

[3] <u>See</u>, <u>e.g.</u>, <u>Birting Fisheries, Inc. v. Lane</u> (<u>In re Birting Fisheries, Inc.</u>), 92 F.3d 939, 940 (9th Cir. 1996); <u>Reid v. White Motor Corp.</u>, 886 F.2d 1462 (6th Cir. 1989); <u>Certified Class in Charter Sec. Lit. v. Charter Co.</u> (<u>In re Charter Co.</u>), 876 F.2d 866, (11th Cir. 1989); <u>In re Am. Reserve Corp.</u>, 840 F.2d 487 (7th Cir. 1988).

[4] Part VII of the Bankruptcy Rules, which includes Bankruptcy Rule 7023, only applies to adversary proceedings. <u>See</u> Fed. R. Bankr. P. 7001. Bankruptcy Rule 9014, however, adopts certain of the rules from Part VII for application in contested matters as well. Bankruptcy Rule 7023 is not among them. <u>See</u> Fed. R. Bankr. P. 9014. Thus, plaintiffs seeking the application of Bankruptcy Rule 7023 (and by implication, Rule 23) to a class proof of claim are required to move under Bankruptcy Rule 9014 for a court to apply "at any stage in a particular matter . . . one or more of the other rules in Part VII." Fed. R. Bankr. P. 9014; <u>accord</u> <u>In re Woodward & Lothrop Holdings, Inc.</u>, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997) (stating that "[f]or a class action claim to proceed . . . the bankruptcy court must direct Rule 23 to apply").

<u>See</u>, <u>e.g.</u>, <u>Reid</u>, 886 F.2d at 1470; <u>In re Charter Co.</u>, 876 F.2d at 876 (Holding that a proof of claim filed on behalf of a class of claimants is valid, but that "does not mean that the appellants may proceed, without more, to represent a class in their bankruptcy action. Under the bankruptcy posture of this case, Bankruptcy Rule 7023 and class action procedures are applied at the discretion of the bankruptcy judge."); <u>In re Am. Reserve</u>, 840 F.2d at 488 ("So the right to file a proof of claim on behalf of a class seems secure, at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014, as the judge did in this case.").

the discretion of the bankruptcy court."); In re Kaiser Group Int'l, Inc., 278 B.R. 58, 62 (Bankr. D. Del. 2002) (same); Reid, 886 F.2d at 1469-70 ( "Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed. R. Civ. P. 23, the class action rule, to 'any stage' in contested matters, including, class proofs of claim."); Certified Class in Charter Sec. Lit. v. Charter Co. (In re Charter Co.), 876 F.2d 866, 876 (11th Cir. 1989) ("[u]nder the bankruptcy posture of this case Bankruptcy Rule 7023 and class action procedures are applied at the discretion of the bankruptcy judge").

Courts consider a variety of factors in exercising their discretion under Bankruptcy Rule 9014. The court in Woodward, for example, stated that to proceed as a class claim in a bankruptcy case, the class claim device must enable the parties and the court to realize the same benefits that class actions confer in civil litigation, including "increased efficiency, compensation to injured parties, and deterrence of future wrongdoing by the debtor." In re Woodward, 205 B.R. at 376 (internal citations omitted); accord In re Thompson, 133 B.R. at 40 ("Manifestly, the bankruptcy court's control of the debtor's affairs might make class certification unnecessary.").

Some courts have noted that the context of a liquidating chapter 11 plan in particular supports rejection of class proofs of claim. See In re Thomson, 133 B.R. at 41. Other courts have considered whether a purported class was previously certified. See, e.g., Trebol Motors Distrib. Corp. v. Bonilla (In re Trebol Motors Distrib. Corp.), 220 B.R. 500, 502 (B.A.P. 1st Cir. 1998); In re Sacred Heart Hosp. of Norristown, 177 B.R. 16, 23 (Bankr. E.D. Pa. 1995); In re Ret. Builders, Inc., 96 B.R. 390, 391 (Bankr. S.D. Fla. 1988). A primary concern for some courts is whether adequate notice of the bar date was afforded to potential class members. See

Bailey v. Jamesway Corp. (In re Jamesway Corp.), Case No. 95 B 44821 (JLG), 1997 Bankr.

LEXIS 825, at *19 (Bankr. S.D.N.Y. June 11, 1997).

   Other courts, including courts in this district, have considered claimants'

disregard for "compliance with the Bankruptcy procedures regulating the filing of class proofs of

claim in a bankruptcy case" when rejecting application of Bankruptcy Rule 7023.  See, e.g., In re

Thomson, 133 B.R. at 41.  "In light of the unsettled status of class claims in bankruptcy cases,"

at least one court in this district has stated that a court "should not exercise its discretion in

applying [Bankruptcy Rule 7023] for purposes of authorizing class certification unless it clearly

appears that the criteria expressed in [Rule 23] have been satisfied, assuming that class proofs of

claim are allowed in bankruptcy cases."  In re Thomson McKinnon Sec., Inc., 150 B.R. 98, 101

(Bankr. S.D.N.Y. 1992).

   "If application of Bankruptcy Rule 7023 is rejected by the bankruptcy court in an

exercise of discretion … the result will be that class claims will be denied and expunged."  In re

Thomson, 133 B.R. at 40-41.  Accordingly the Court should deny the Plaintiff's Motion for relief

from the automatic stay.

   3.  *Whether the "bankruptcy-related reasons" invoked by Judge Bernstein apply to the characteristics of the Debtors' chapter 11 cases.*

   As set forth below, the "bankruptcy-related reasons" invoked by Judge Bernstein

in Woodward to disallow a claim as a class claim apply to the Debtors' chapter 11 cases and the

facts and circumstances of these cases militate overwhelmingly in favor of the Court exercising

its discretion to reject the application of Bankruptcy Rule 7023 and to disallow the Barr Claim.[5]

---

[5] In the Joint Objection, the Debtors and the Committee demonstrate that the Barr Claim does not satisfy the requirements of Rule 23.  See Joint Objection Section VII.

A.      Neither the Purported Class Members Nor the Court Will Receive the
        Benefit that Class Actions Can Confer Outside the Bankruptcy Context

For a class action to proceed, "the benefits that generally support class
certification in civil litigation must be realizable in the bankruptcy case." In re Woodward, 205
B.R. at 369 (citing In re Mortgage & Realty Trust, 125 B.R. 575, 580 (Bankr. C.D. Cal. 1991)).
In this case, neither the purported class nor the Court would benefit from recognizing the Barr
Claim as a class proof of claim and allowing a class action to proceed.

        In the context of the Debtors' chapter 11 cases, the Barr Claim does not provide
for the most effective or efficient means of determining the putative class members' rights.  First,
as set forth in detail in Section VII.A. of the Joint Objection, numerous individual issues of fact
would predominate over any questions common to the members of each class.  For that reason,
the court in Woodward, in considering underlying class claims of fraud and false advertising
similar to those alleged in the Barr Claim, found that a class action is "generally not appropriate
to resolve claims based upon common law fraud." In re Woodward, 205 B.R. at 371.

        Second, in general, the Bankruptcy Code and Bankruptcy Rules provide the same
benefits and serve the same purposes as class action procedures in normal civil litigation.  See id.
at 376 ("a bankruptcy proceeding offers the same procedural advantages as the class action
because it concentrates all the disputes in one forum"); 3 Newburg on Class Actions, Ch. 20
(Class Actions Under the Bankruptcy Laws) § 20.01 at 581 (commenting that "bankruptcy
proceedings are already capable of handling group claims, which operate essentially as statutory
class actions."); see also In re Standard Metals Corp., 817 F.2d at 632.

        Third, the bankruptcy claims process is in some respects superior to class action
procedures.  As the court observed in Woodward:

            while the class action ordinarily provides compensation that cannot
            otherwise be achieved by aggregating small claims, the bankruptcy

> creditor can, with a minimum of effort, file a proof of claim and
> participate in distributions.  In addition, there may be little
> economic justification to object to a modest claim, even where
> grounds exist.  Hence, a creditor holding such a claim may not
> have to do anything more to prove his case or vindicate his rights.

205 B.R. at 376 (citations omitted).  As noted above, although each had the opportunity to do so,

none of the members of the putative class filed claims against the Debtors for the return of

approximately $30.

 The "prospect of compensation must be significant to justify the certification of a

class claim." Id. at 376.  "Small claims make bad class claims and should not be allowed." Id.

"'Suits for very small stakes may hold out little prospect of either compensation or deterrence;

the bankruptcy court may exercise discretion to reject these, for both Rule 9014 and Rule 23 give

the court considerable discretion to consider the benefits and costs of class litigation.'" Id. (in

context of $100 per class member total damage) (quoting In re Am. Reserve, 840 F.2d at 492).

"[W]here the stakes are small, the class device may become a 'lawyer's vehicle.'" In re

Woodward, 205 B.R. at 376.  (quoting In re Am. Reserve, 840 F.2d at 490).  In these cases, as a

general unsecured creditor, a putative class member could expect to receive approximately $4.50

on account of his $30 claim.  This is very likely one of the reasons that no putative class member

has filed an individual claim in the Debtors' chapter 11 cases and there is no reason to believe

that a significant number, if any, would file claims if given a second opportunity via the class

action process.  The only substantial beneficiaries of a certification of a putative class in the Barr

Case (as well as in the other Consumer Cases) would be the lawyers.[6]

---

[6] In this regard, the Court should be aware that prior to the commencement of the Debtors'
chapter 11 cases (the "Commencement Date"), the Debtors reached a joint settlement with the
plaintiffs in the four other Consumer Cases including Clarence Lackowski v. Twinlab Corp., et
al., Case No. 04-CV-10308 (JSR) (the "Lackowski Case").  Because a limited class already had
been certified in the Lackowski Case, counsel for the parties determined that the settlement had
to be approved by the district court in that case, but the settlement was intended to be a

The fact that the Debtors have filed a plan of liquidation (the "Plan") lends further support for denying allowance of a class proof of claim in these cases. See In re Thomson, 133 B.R. at 41. "[T]he costs and delay associated with class actions are not compatible with liquidation cases where the need for expeditious administration of assets is paramount so that all creditors, including those not within the class, may receive a distribution as soon as possible. Creditors who are not involved in class litigation should not have to wait for the payment of their distributive liquidated share while the class action grinds on." Id. Here, the Debtors have filed their Plan and are ready to proceed quickly to Plan confirmation and distribution of their assets to creditors.[7] However, due to the Claims Cap and the magnitude of the Consumer Claims, the Plan cannot be confirmed as long as the Consumer Claims are extant and unliquidated. All the Debtors' creditors should not be forced to wait for payment of their distribution while the Putative Class Action and the other Consumer Cases are litigated and the estates' remaining assets are depleted.

---

settlement of all four cases, and counsel for all four plaintiffs participated in the drafting of the settlement papers. The terms of the settlement (1) established a nationwide settlement class comprised of all purchasers of all of the Debtors' ephedra products, with appropriate opt-out rights; (2) required the Debtors to stop manufacturing ephedra-containing products by no later than April 30, 2003, and to not re-introduce such products unless and until the United States government enacts national product manufacturing and labeling standards; (3) required the Debtors to bear notice costs up to $50,000; and (4) set aside up to $400,000 for attorney fees, subject to court approval. **Thus, the only monetary relief being provided by the settlement was to plaintiffs' counsel.** The proposed settlement class encompassed all of the plaintiffs and all putative class members in all of these cases, including the Barr Case. Approval of the proposed settlement was pending before the district court in the Lackowski Case at the time that the Debtors filed their bankruptcy petitions, but the plaintiffs disavowed the settlement following the bankruptcy filing.

[7] Section 9.1(b) of the Plan provides, among other things, that a condition precedent to confirmation of the Plan is that the aggregate allowed amount of all general unsecured claims (other than ephedra personal injury and wrongful death claims) be no greater than $68,300,000 (the "Claims Cap"). The Claims Cap was established, inter alia, to ensure that the Plan satisfies the "no unfair discrimination test" of section 1129(b)(1) of the Bankruptcy Code.

The facts of the instant case are virtually identical to the facts of Woodward, where the court exercised its discretion to deny the class claim, finding that "the class claim will not deter an insolvent, non-operating debtor's management or shareholders, or induce them to police future conduct [where] . . . the debtor has . . . a liquidating plan that wipes out equity.  The managers have moved on to other jobs – the debtor has closed its doors – and the prosecution of the class action will probably not affect how they act in the future."  In re Woodward, 205 B.R. at 376.  Here, the Debtors discontinued the sale of their ephedra products prior to the commencement of their chapter 11 cases and subsequently sold substantially all their assets.  The Debtors are no longer operating a business.

B.     Courts Are Reluctant to Allow Class Claims
       Where No Class Was Certified Prior to the Commencement Date

A number of courts have held that class proofs of claim may be inappropriate where a class representative was not certified prepetition in a non-bankruptcy forum.  See, e.g., In re Trebol Motors, 220 B.R. at 502; In re Sacred Heart, 177 B.R. at 23; In re Ret. Builders, 96 B.R. at 391.

The court in Sacred Heart held that use of the class proof of claim device in bankruptcy cases may be appropriate in certain contexts, but "such contexts should be chosen most sparingly."  In re Sacred Heart, 177 B.R. at 22.  Specifically, the Sacred Heart court noted that cases where (i) a class has been certified prepetition by a nonbankruptcy court, or (ii) a class action has been filed and allowed to proceed as a class action in a nonbankruptcy forum for a considerable time prepetition, may present appropriate contexts for recognizing a class proof of claim.  See id.

The Putative Class Action was not certified at the time of the Debtors' chapter 11 filing, and remains uncertified.  The only published decision in the Southern District of New

York that the Debtors could find which allowed the filing of a class proof of claim, In re Chateaugay Corp., was a case in which the class was certified prior to the filing of the class claim. 104 B.R. 626. In fact, the Debtors have been unable to find a single bankruptcy case within the Second Circuit in which a pre-certification class action claim was allowed.

In Woodward, another case in which there was no pre-bankruptcy class certification, the court stated that the class claim should be disallowed if the putative class representative did not expeditiously move in the bankruptcy case for certification of its class claim, as a lengthy certification battle could delay the administration and distribution of the bankruptcy estate. See In re Woodward, 205 B.R. at 370 (where class claim filed in August 1994 and putative class representative had not moved to certify class at time of decision in February 1997). Here, more than a year after the Bar Date[8] and twenty months after the Commencement Date, the Plaintiff has not moved before this Court or the Bankruptcy Court for certification of the Barr Claim.

C.    Class Members Received Notice of the Bankruptcy Case and the Bar Date

One of the principal goals of the Bankruptcy Code is to ensure that creditors of equal rank receive equal treatment in the distribution of a debtor's assets. The Bankruptcy Code and Bankruptcy Rules, therefore, require creditors to file proofs of claim before a bar date. See 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3003(c)(3). Regardless of how worthy their claims may be, claimants who fail to file before an applicable bar date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). These same procedural hurdles must be met by all creditors and there is no reason why the

---

[8] Pursuant to an order of the Bankruptcy Court dated January 7, 2004 (the "Bar Date Order"), the deadline for filing proofs of claim against the Debtors for claims that arose on or prior to the Commencement Date was fixed as March 2, 2004 at 5:00 p.m. (the "Bar Date").

Plaintiff and the class of claimants she purports to represent should not be subject to the same consequences as other creditors who fail to file timely proofs of claim.

In determining whether a class proof of claim should be allowed courts consider whether adequate notice of the bar date was afforded to potential class members.  See In re Jamesway Corp., 1997 Bankr. LEXIS 825, at *19:

> The proper inquiry is whether [the debtor] acted reasonably in selecting means likely to inform persons affected by the Bar Date and these chapter 11 proceedings, not whether each claimant actually received notice . . . [a]s to those plaintiffs who might not have received actual notice of the Bar Date, we find that by complying with the terms of the Bar Date Order, mailing a Claim Package to every known creditor and publishing notice of the Bar Date, [the Debtor's] actions satisfy due process."

Id., at *30 (internal citations omitted).

In this case, the putative members in the Plaintiff's proposed class received proper notice of the Debtors' chapter 11 cases and the Bar Date in accordance with the provisions of the Bar Date Order.  At great expense to their estates, the Debtors published notice of the Bar Date nationwide in *The Wall Street Journal* (National Edition) and locally in *Newsweek*.  See Affidavit of Notices of Publication, filed 11/29/2004, Docket Number 609.  Providing individual notice to all purchasers of the Debtors' products would be impossible or, at minimum, prohibitively expensive, as the Debtors sold their products through numerous wholesalers and retailers and would have no way to know the identities of the consumer purchasers of their products.  Providing notice of the Debtors' bankruptcy cases and the Bar Date by publication, however, constituted a viable alternative to the impracticability, or perhaps even impossibility, of tracking down and providing individual notice to each of the consumer purchasers of the Debtors' products.

Because the Debtors have provided actual and/or constructive notice to the putative class members encompassed by the Barr Claim, it would be unfair and unnecessary to burden the Debtors' estates with the additional cost and associated delay of providing these potential claimants with a second opportunity to assert claims. The only type of notice the Debtors could reasonably provide these persons today would be another publication notice, effectively duplicating the notice they have already been provided and extending the Bar Date for a particular sub-group of general unsecured creditors who are not entitled to special treatment under the Bankruptcy Code. As not one of such putative class members filed an individual claim prior to the Bar Date, it is highly unlikely that many, if any at all, would file claims if given a second opportunity. In fact, it is almost certain that the cost to the Debtors of publication notice would greatly exceed any distribution to putative class members, considering the estimated distribution amount of $4.50 per class member who would take the time and make the effort to file a claim.

D.   Plaintiffs Failed to Timely Petition the Court to Apply Bankruptcy Rule 7023 as Required By Bankruptcy Rule 9014 and Failed to Comply with the Procedural Requirements of Rule 2019

Most courts that have allowed class proofs of claim have required the putative class member to comply with procedural requirements. See, e.g., In re Am. Reserve, 840 F.2d at 494 (noting the applicability of Bankruptcy Rule 9014 and its procedural requirements). These procedural requirements are not complicated. Because a claim "cannot be allowed as a class claim until the bankruptcy court directs that Rule 23 apply," the putative class representative must file a motion with the bankruptcy court requesting the application of Rule 23. In re Woodward, 205 B.R. at 368, 370. ("Rule 23 does not say who must make a timely motion, but the duty ordinarily falls on the proponent of the class action."). In addition, a purported agent or

class representative is required to file a verified statement of multiple creditor representation pursuant to Bankruptcy Rule 2019.

As of the date hereof, more than a year after the Bar Date and twenty months after the Commencement Date, the Plaintiff has not sought permission of the Court to file a class proof of claim.  As such, the Barr Claim filed by the Plaintiff is ineffective.

The requirement that a class claimant timely move under Bankruptcy Rule 9014 to incorporate Rule 23 is intended to protect a debtors' estate from undue delay of the debtors' plan process.  See In re Thomson, 150 B.R. at 101.  The Barr Claim in this case would unduly delay the administration of the Debtors' estates and their ability to consummate their Plan.  This Court should enforce these procedural requirements recognized by other federal courts that have considered the appropriateness of class proofs of claims.  See, e.g., In re Woodward, 205 B.R. at 369-71, In re Thomson, 150 B.R. at 100-01; In re Thomson, 133 B.R. at 41; In re Zenith, 104 B.R. at 664.

In addition, Bankruptcy Rule 2019(a) requires purported agents representing more than one creditor to file a verified statement setting forth the basis of that representative's right to act for the represented creditors.  Among other things, the required verified statement must list the name and address of the creditors, the nature and amount of the creditors' claims, the agent's specific authority empowering him to act on behalf of the creditors, and the relevant facts and circumstances surrounding the employment of the agent.  See In re Elec. Theatre Rests. Corp., 57 B.R. 147 (Bankr. N.D. Ohio 1986).

Bankruptcy Rule 2019 "is a comprehensive regulation of representation in  . . . Chapter 11 reorganization cases."  Fed R. Bankr. P. 2019 (Advisory Committee Note). Accordingly, non-compliance with the rule constitutes additional grounds for not recognizing the

Barr Claim.  See Reid, 886 F.2d at 1471 ("Failure to comply with Rule 2019 is cause for denial of the proof of claim."); In re Baldwin-United Corp., 52 B.R. 146, 148 (Bankr. S.D. Ohio 1985) (ruling that claimants' failure to comply with Rule 2019(a) barred their ability to file class proof of claim); Novak v. Callahan (In re GAC Corp.), 681 F.2d 1295, 1299 (11th Cir. 1982) (affirming the disallowance of a class proof of claim filed on behalf of debtor's debenture holders where, among other things, the proposed class representative failed to comply with the predecessor of Rule 2019).

Neither the Plaintiff nor her counsel can qualify as an authorized agent pursuant to the strictures of Bankruptcy Rule 3001(b).  Assuming arguendo, however, that the Plaintiff or her counsel could be considered an authorized agent, both have failed to file a verified statement to comply with the requirements of Bankruptcy Rule 2019(a).  Accordingly, the Court should refrain from utilizing its discretion to apply Bankruptcy Rule 7023 to the Barr Claim.

### III.   CONCLUSION

The Court should exercise the discretion invoked by the court in <u>Woodward</u> and

deny the Plaintiff's Motion for stay relief based on the bankruptcy-related considerations and the

myriad of other reasons set forth in the briefs filed in this matter in the Bankruptcy Court and this

Court by the Debtors and the Creditors Committee.

Dated:  New York, New York
       May 18, 2005


Respectfully submitted,


/s/ Michael P. Kessler                                       /s/ Richard G. Smolev/ per MPK
                                                    with consent

Michael P. Kessler, Esq. (MK 7134)         Richard G. Smolev (RS 2222)
WEIL, GOTSHAL & MANGES LLP          KAYE SCHOLER LLP
767 Fifth Avenue                              425 Park Avenue
New York, New York  10153              New York, New York 10022
Telephone: (212) 310-8000              Telephone: (212) 836-8012
Facsimile: (212) 310-8007              Facsimile: (212) 836-6583
michael.kessler@weil.com              rsmolev@kayescholer.com

Rex A. Littrell (RL 1449)                Attorneys for the Official
ULMER & BERNE LLP                 Committee of Unsecured Creditors
88 East Broad Street, Suite 1600
Columbus, Ohio 43215
Telephone: (614) 229-0000
Facsimile:  (614) 229-0012
rlittrell@ulmer.com


Attorneys for Debtors TL Administration
Corporation (f/k/a Twinlab Corporation)
and TL Administration Inc. (f/k/a Twin
Laboratories Inc.)