BROWN RUDNICK BERLACK ISRAELS LLP
Seven Times Square
New York, New York  10036
(212) 704-0100
David J. Molton (DM-1106)
William R. Baldiga
Steven B. Smith (SS-5960)

United States Representative Counsel to
the Ad-Hoc Committee Of Tort Claimants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re EPHEDRA PRODUCTS LIABILITY     :     04 MD 1598 (JSR)
LITIGATION                                                :
------------------------------------------------------------X
In re:                                                         :     06 Civ. 538 (JSR)
                                                                :
MUSCLETECH RESEARCH AND             :
DEVELOPMENT, INC., et al.,                    :
                                                                :
Foreign Applicants in Foreign Proceedings.  :
------------------------------------------------------------X
In re RSM RICHTER INC., AS FOREIGN    :
REPRESENTATIVE OF MUSCLETECH     :     06 Civ. 539 (JSR)
RESEARCH AND DEVELOPMENT INC.    :
AND ITS SUBSIDIARIES,                           :
                                                                :
                              Plaintiff,                      :
                                                                :
               v.                                              :
                                                                :
SHARON AGUILAR, an individual, et al.,    :
                                                                :
                              Defendants.                  :
------------------------------------------------------------X

**JOINDER OF THE AD-HOC COMMITTEE OF MUSCLETECH
TORT CLAIMANTS IN SUPPORT OF THE PETITION PURSUANT
TO 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 AND 1521,
COMMENCING CHAPTER 15 CASES AND SEEKING ENTRY
<u>OF AN ORDER RECOGNIZING FOREIGN MAIN PROCEEDINGS</u>**

The Ad-Hoc Committee of Muscletech Tort Claimants (the "Ad-Hoc Committee"), by its undersigned counsel, hereby submits this Joinder in support of the Petition pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521, commencing chapter 15 cases (the "Chapter 15 Petitions") and seeking entry of an order recognizing foreign main proceedings, filed by RSM Richter Inc., as the Foreign Representative (the "Monitor") of the above-captioned Foreign Applicants (the "Chapter 15 Debtors"). In support thereof, and subject to the following qualifications previously agreed to by the interested parties, the Ad-Hoc Committee respectfully represents and states as follows:

The Ad-Hoc Committee supports the granting of the Chapter 15 Petitions, as well as the granting of recognition of the Chapter 15 Debtors' insolvency proceedings pending before the Ontario Superior Court of Justice (Commercial List) under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, as the "foreign main proceedings," as such term is defined in section 1502 of Title 11 of the United States Code (the "Bankruptcy Code"). The Ad-Hoc Committee, however, does not support the broad sweeping injunctive relief that is referenced throughout the Chapter 15 Petitions, and the memorandum of law filed in support thereof. The original injunctive relief sought by the Monitor herein is much broader than the injunctive relief of limited duration, extendable only by order of this Court and the Canadian Court, that was ultimately agreed to by the significant parties in interest in these cases after extensive discussions and approved by this Court and the Canadian Court. Indeed, the Ad-Hoc Committee respectfully submits -- as it has previously done so in its papers and before Your Honor in this case -- that the issuance of injunctive relief in order to facilitate the implementation of a Twinlab style global resolution of the personal injury tort and wrongful death ("PITWD") cases in the context of a consensual plan of liquidation is entirely appropriate and warranted so

long as (i) it is of a limited duration, and (ii) the Court is satisfied that the parties have established that good cause exists for the continuation of the injunctive relief and that efforts towards a global resolution are moving forward. Absent good faith efforts by the significant parties in interest in these cases to work towards a global resolution of the PITWD cases -- and so far, the parties have been working in good faith and have made progress in a short period of time -- the Ad-Hoc Committee would no longer support the extension of any injunctive relief.

For the reasons set forth in the Chapter 15 Petitions and memorandum of law filed in support thereof, but subject to the foregoing, the Ad-Hoc Committee respectfully requests that the Court grant the Chapter 15 Petitions and recognize the insolvency proceedings pending in Canada as the foreign main proceedings, but grant injunctive relief only in accordance with the prior orders of this Court which incorporate the agreement of the interested parties.

Dated: New York, New York
       February 22, 2006

> Respectfully submitted,
>
> BROWN RUDNICK BERLACK ISRAELS LLP
>
> By: /s/David J. Molton
>     David J. Molton (DM-1106)
>     Steven B. Smith (SS-5960)
>
>     Seven Times Square
>     New York, NY 10036
>     Tel: (212) 704-0100
>     Fax: (212) 704-0196
>
>     William R. Baldiga, Esq.
>     One Financial Center
>     Boston, MA  02111
>     Tel: (617) 856-8200
>
>     United States Representative Counsel to
>     the Ad-Hoc Committee Of Tort Claimants

#8126054